UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAYMOND ROMAGNOLO,
Plaintiff,

v.

PORSCHE CARS NORTH AMERICA, INC. and UAG WEST BAY IP, LLC,
Defendants.

CA 08 324 ML

CIVIL ACTION NO.

**ANSWER AND JURY DEMAND OF DEFENDANTS, PORSCHE CARS NORTH AMERICA, INC.'S AND UAG WEST BAY IP, LLC**

Defendants, Porsche Cars North America, Inc. and UAG West Bay IP, LLC ("defendants"), hereby answer the Plaintiff's Complaint paragraph by paragraph as follows:

1. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied as stated. Defendant denies that it sells Porsche vehicles directly to Rhode Island consumers. Defendant admits that it distributes Porsche vehicles to the state of Rhode Island for sale and/or lease by its authorized dealers.

**Facts**

6. Defendant restates its answers to Paragraphs 1-5 and incorporates them by reference as if fully stated herein.

7. The Motor Vehicle Purchase Contract speaks for itself.

8. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

9. Denied.

10. Denied.

11. Denied.

## COUNT I

12. Defendant restates its answers to Paragraphs 1-11 and incorporates them by reference as if fully stated herein.

13. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

14. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

15. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

16. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

17. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

18. Denied.

19. Defendant admits that a repair attempt was made. To the extent that this paragraph contains allegations of law relative to the definition of a "final repair attempt", no response is required and none is given.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

## COUNT II

24. Defendant repeats its answers to Paragraphs 1-23 and incorporates them by reference as if fully stated herein.

25. Denied as stated. The New Car Limited Warranty is for a term of four (4) years or 50,000 miles. The warranty speaks for itself.

26. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

27. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

**COUNT III**

28. Defendant repeats its answers to Paragraphs 1-27 and incorporates them by reference as if fully stated herein.

29. Denied as stated. The New Car Limited Warranty is for a term of four (4) years or 50,000 miles. The warranty speaks for itself.

30. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

**COUNT IV**

34. Defendant repeats its answers to Paragraphs 1-33 and incorporates them by reference as if fully stated herein.

35. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

36. The allegations contained in this paragraph are allegations of law to which no response is

required and none is given.

37. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

38. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

39. Admitted.

40. The allegations contained in this paragraph are allegations of law to which no response is required and none is given.

41. Admitted in part. Seller is an authorized dealership. To the extent that the allegations in this paragraph contain allegations of law relative to agency, no response is required and none is given.

42. Defendant admits that a repair attempt was made. To the extent that this paragraph contains allegations of law relative to the definition of a "final repair attempt", no response is required and none is given.

43. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

**COUNT V**

44. Defendant repeats its answers to Paragraphs 1-43 and incorporates them by reference as if fully stated herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The correspondence speaks for itself.

50. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

**COUNT VI**

51. Defendant repeats its answers to Paragraphs 1-50 and incorporates them by reference as if fully stated herein.

52. Defendant admits that a repair attempt was made. To the extent that this paragraph contains allegations of law relative to the definition of a "final repair attempt", no response is required and none is given.

53. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

**COUNT VII**

54. Defendant repeats its answers to Paragraphs 1-53 and incorporates them by reference as if fully stated herein.

55. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

56. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

57. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

58. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

59. Defendant admits that the identified vehicle was accompanied by a New Car Limited Warranty. To the extent that the plaintiff alleges that he relied on said warranty, defendant is without sufficient information or knowledge to either admit or deny the allegations contained in this paragraph.

60. The warranty speaks for itself.

61. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in this Paragraph and calls upon the plaintiff to prove the same.

62. Defendant admits that the plaintiff requested repair on the vehicle. Defendant denies that any defects existed.

63. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in this Paragraph and calls upon the plaintiff to prove the same.

64. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in this Paragraph and calls upon the plaintiff to prove the same.

65. Denied.

66. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

67. Denied.

68. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this Paragraph and calls upon the plaintiff to prove the same.

69. The warranty speaks for itself. To the extent that the allegations in this paragraph allege that the warranty served as an inducement to the plaintiff, defendant is without sufficient information or knowledge to either admit or deny these allegations and calls upon the plaintiff to prove the same.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

**COUNT VIII**

73. Defendant repeats its answers to Paragraphs 1-72 and incorporates them by reference as if fully stated herein.

74. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

75. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

76. Denied.

77. Denied.

78. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

**COUNT IX**

79. Defendant repeats its answers to Paragraphs 1-78 and incorporates them by reference as if fully stated herein.

80. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

81. The allegations contained in this Paragraph are allegations of law to which no response is required and none is given.

82. Denied.

83. Denied.

84. The correspondence speaks for itself.

85. Denied.

86. Denied.

87. Denied.

WHEREFORE, defendant demands a judgment in its favor plus costs and such further relief as this Court may deem just and proper.

**SEPARATE DEFENSES**

**FIRST SEPARATE DEFENSE**

The plaintiff's complaint fails to state a claim upon which relief can be granted.

**SECOND SEPARATE DEFENSE**

The plaintiff's claims may be barred by the doctrine of waiver, estoppel and unclean hands.

**THIRD SEPARATE DEFENSE**

The plaintiff's R.I.G.L. Sec. 31-5.2 claim should be dismissed as the plaintiff fails to qualify for the protection afforded under said statute.

**FOURTH SEPARATE DEFENSE**

The plaintiff is barred from recovery against Defendant on any breach of warranty theory because he failed to give timely notice of the alleged breach to Defendant and such failure has caused substantial prejudice to the Defendant.

**FIFTH SEPARATE DEFENSE**

The plaintiff's R.I.G.L. Sec. 31-5.2 claim should be dismissed as the alleged non-conformity did not occur during the term of protection.

**SIXTH SEPARATE DEFENSE**

The plaintiff's claims should be dismissed because the defendant has not breached any warranties.

**SEVENTH SEPARATE DEFENSE**

The plaintiff failed to state a claim for breach of warranty of fitness for a particular purpose because no particular purpose peculiar to the plaintiff was contemplated between Defendant and the plaintiff at the time the car was sold.

**EIGHTH SEPARATE DEFENSE**

The plaintiff's claims should be dismissed because he has no recoverable damages.

**NINTH SEPARATE DEFENSE**

The subject vehicle may have been misused.

**TENTH SEPARATE DEFENSE**

The subject vehicle may have been substantially altered and changed after it left the possession, custody and control of Defendant.

**ELEVENTH SEPARATE DEFENSE**

Any damages and/or injuries which the plaintiff may have been sustained, or were caused by the improper, abnormal, unforeseeable and unintended use of the subject vehicle by the plaintiff and/or other persons for whom the Defendant is not responsible after the vehicle left the possession, custody and control of Defendant.

**TWELFTH SEPARATE DEFENSE**

The plaintiff's claims should be dismissed or reduced due to his failure to mitigate his damages.

**THIRTEENTH SEPARATE DEFENSE**

The plaintiff's claims may be barred by the applicable statute of limitations or doctrine of laches.

**FOURTEENTH SEPARATE DEFENSE**

Any damages recoverable by the plaintiff are subject to an offset for the reasonable use allowance.

**FIFTEENTH SEPARATE DEFENSE**

Defendant reserves the right to amend its answer to assert other such defenses as may become available or appear during the discovery proceedings in this case.

**JURY DEMAND**

The Defendant demands a trial by jury on all applicable issues raised herein.

**PORSCHE CARS NORTH AMERICA,NC.,
and UAG WEST BAY, IP, LLC,**

By Their Attorney,

Timothy J. Duggan, Bar No. 4574
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
T: (781)762-0077

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on Daniel Goldsmith Ruggiero, Consumer Legal Services, PC, 12 Harding Street, Ste 110, Lakeville, MA 02347 via first class mail postage prepaid on August 28, 2008.

Timothy J. Duggan